(98 South. 59)

No. 25617.

**LIGHTFOOT & FERGUSON v. T. P. TUCK.**

(Nov. 12, 1923.)

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Hall & Bullock and Crain, Jackson & Johnston, all of Shreveport, for appellant.

Murff & Mabry, of Shreveport, for appellees.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. The parties to this suit were members of a partnership, styled "Tuck the Home Builder," entered into for the purpose of purchasing and selling real estate and constructing and selling houses in the city of Shreveport. Plaintiffs agreed to furnish the capital, and defendant agreed to furnish the experience, and the profits and losses were to be divided, two-thirds to plaintiffs and one-third to defendant.

The partnership was dissolved on or about November 23, 1920, and, after a vain attempt had been made to adjust its affairs by arbitration, plaintiffs instituted suit for its liquidation and settlement, and for judgment against defendant for one-third of the losses, alleged to amount to $18,165.35, and for $5,000 damages alleged to have been caused by the filing by defendant, in the mortgage records of Caddo parish, of an affidavit affecting said property and preventing its sale.

Defendant denied that there was any loss or damage caused by the filing of said affidavit. He further alleged that plaintiffs took over the entire assets of the partnership when it was dissolved, and that they were indebted to him in the sum of $23,700.44 for one-third of its net worth, which amount he claimed by way of reconvention.

The judge of the lower court found that the operations of the partnership had resulted in a loss of $19,114.13, and accordingly, after decreeing the liquidation thereof, rendered judgment against defendant for one-third of said amount, or $6,371.37, together with one-third of the costs of the suit, and rejected plaintiffs' claim for damages. From this judgment, defendant has appealed.

The sole question before the court is the value of the assets of the partnership at the date of its dissolution. Plaintiffs contend that the liabilities exceeded the assets by $18,165.35, while defendant contends that the assets exceeded the

liabilities by $67,801.33. The report of W. H. Brown, auditor, of date November 30, 1920, filed in evidence, shows a loss of $15,602.53.

Only questions of fact are involved in the case, in the review of which this court has been vastly assisted by the very able and exhaustive analyzation thereof in the written opinion prepared by the district judge in support of his findings.

The principal asset of the partnership consisted of building lots in two subdivisions, "Waverly Place" and "Sunny Slope."

The Waverly Place property was purchased on January 17, 1920, for $40,000. It was subdivided into 49 lots, of which 5 lots had been improved and sold before the dissolution of the partnership, leaving 44 lots remaining.

The Sunny Slope property was purchased on January 31, 1920. It was subdivided into 72 lots, of which 8½ lots were either sold or improved and carried under another head in the partnership accounts, leaving 63½ lots remaining.

Much testimony was adduced concerning the value of these 107½ lots. All of the witnesses who testified on the point were experienced, reliable, and trustworthy real estate dealers in the city of Shreveport.

While there was some difference of opinion between plaintiffs' witnesses and defendant's witnesses, the discrepancy was due, in the main, to the different methods used by the witnesses in arriving at their respective conclusions. Plaintiffs' witnesses based their testimony on the selling value of the lots at the date of the dissolution of the partnership, while defendant's witnesses testified from the standpoint of a selling campaign extending over a period of years. The judge, in his opinion, reconciled the testimony of the witnesses, aided thereto by his knowledge of the values, and placed a valuation of $36,400 on the Waverly Place property and $89,944.63 on the Sunny Slope property, adding to the latter $14,549.95, the cost of the permanent improvements.

From the item, $53,050.29, shown on the balance sheet as the value of buildings, the district judge deducted $2,005.17, being one-half of the cook house and the office and storage buildings, and $466.25, cost of graveling in front of certain lots in the Waverly division, which lots had been sold, conditioned upon the payment by the partnership of the paving costs. The item as thus reduced shows a credit of $50,518.87.

Miscellaneous equipment was reduced from $5,376.19 to $3,601.91. The merchandise item was found to be correct. The accounts receivable were reduced from $2,450.86 to $1,750.

The items bills receivable, $9,850, and cash, $215.56, were not disputed. The item additional charges $7,068.86 was reduced to $6,294.95. Unearned interest, $430.67, and unearned insurance, $661.45, were found to be correct. The liabilities, amounting to $193,096, were admitted.

The district judge refused to allow numerous other charges claimed by plaintiffs against various houses for the reason that said charges had not been sufficiently established by the evidence.

It is unnecessary for us to present our analysis of the evidence or to go into details concerning the various disputed accounts. It is sufficient to state that our examination of the record has satisfied us of the correctness of the findings of fact by the district judge.

Judgment affirmed.